UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILL LIETZKE, | ) CASE NO. C07-1061-RSM |
| Plaintiff, | ) |
| v. | ) ORDER TRANSFERRING CASE |
| COUNTY OF MONTGOMERY, et al., | ) |
| Defendants. | ) |

Plaintiff Bill Lietzke, appearing *pro se*, filed an application to proceed *in forma pauperis* and a proposed 42 U.S.C. § 1983 civil rights complaint against the County of Montgomery in Alabama, and two individual "County of Montgomery Defendants" – Reese McKinney and D.T. Marshall. (Dkt. 1.) Plaintiff's allegations relate to his incarceration in psychiatric facilities in Montgomery, Alabama. He asserts jurisdiction based on the existence of a federal question. However, as discussed below, the Court finds a transfer in order due to improper venue.

Venue for actions not based solely on diversity of citizenship is determined by 28 U.S.C. § 1391(b), which states:

ORDER TRANSFERRING CASE
PAGE -1

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added). Here, the named defendants – the County of Montgomery, McKinney, and Marshall – reside in the State of Alabama, not the State of Washington. Furthermore, all of the events or omissions giving rise to the claims in plaintiff's complaint occurred in Alabama, not Washington. Accordingly, venue is not proper in the United States District Court for the Western District of Washington.

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because the defendants reside in Alabama, and because all of the acts or omissions giving rise to plaintiff's claims occurred in Alabama, this action could have been brought in the United States District Court for the Middle District of Alabama. The Court finds that a transfer to that court is in the interest of justice.

For the reasons described above, the Court hereby ORDERS that this case be TRANSFERRED to the United States District Court for the Middle District of Alabama. The Clerk of Court is directed to TRANSFER this case pursuant to 28 U.S.C. § 1406(a) and is further directed to send a copy of this Order to plaintiff and to the Honorable Mary Alice Theiler, United

/ / /

/ / /

ORDER TRANSFERRING CASE
PAGE -2

01 States Magistrate Judge.

02     DATED this 17th day of July, 2007.

05                                                RICARDO S. MARTINEZ
06                                                UNITED STATES DISTRICT JUDGE

08 Recommended for entry
09 this 16th day of July, 2007.

10 s/ Mary Alice Theiler
   United States Magistrate Judge

ORDER TRANSFERRING CASE
PAGE -3